IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01226-WYD-KLM

RALPH RIGGS,
H. ALAN A DILL,
ROBERT A. DILL,
IRMA DILL,
HENRY E. CARTWRIGHT, and
TERRY A. CARTWRIGHT,

    Plaintiffs,

v.

GORDON H. JOHNSON,
RONALD B. KUBICKI,
JAMES R. RENFRO,
RENEE J. PALERMO, and
MYRON J. PALERMO,

    Defendants.
_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiffs' Motion for Leave to File Second Amended Complaint and Jury Demand** [Docket No. 56; Filed March 4, 2010] (the "Motion"). Prior to filing the Motion, Plaintiffs assert that they conferred with opposing counsel regarding their positions on the proposed amendment. Defendants Myron Palermo and Renee Palermo do not oppose the Motion. Defendant Kubicki has no position on the Motion. Defendant Johnson opposes the Motion and Defendant Renfro's position is unknown because Plaintiffs were unable to contact Renfro's counsel. *Id.* at 1-2. None of the Defendants have filed a pleading in response to the Motion.

1

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C.3., the Motion has been referred to this Court for a recommendation.[1] The Court has reviewed the Motion, the entire file, and relevant legal authority, and is advised in the premises. For the reasons stated below, I RECOMMEND that the Motion be **GRANTED**.

## I.  Background

This case arises from Plaintiffs' purchase of securities from Defendant Omni Oil & Gas, Inc. ("Omni"), which were "units" comprising a working interest in an oil and gas field in Texas known at the Acleto Creek Field, and 10,000 shares of Omni common stock. *Amended Complaint* [#30] at ¶ 19. The remaining Defendants were officers, directors or shareholders of Omni at the time of the purchase of the units by Plaintiffs. *Id.* at ¶¶ 8-10, 12-13.[2] On December 20, 2005, Plaintiffs allege that Defendants provided them with an Offering Memorandum outlining the terms of the transaction. *Id.* at ¶¶ 20-21. The Offering Memorandum identified Defendant Renee Palermo as a director and principal shareholder of Omni. *Id.* at ¶26. Plaintiffs allege that this statement was false because Ms. Palermo was merely a proxy for her father, Defendant Myron Palermo. *Id.* at ¶ 30. This arrangement was made because Myron was under investigation by the Securities and Exchange Commission ("SEC"). *Id.* at ¶ 28. Plaintiffs allege Defendants did not disclose this

---

[1] A magistrate judge can only issue orders on non-dispositive motions. *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1461, 1462 (10th Cir. 1988). The courts in this district are split on whether motions to amend are dispositive. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009)(citing cases). When an order denying a motion to amend removes a defense or claim from the case it may be dispositive. *Cuena v. Univ. of Kansas*, 205 F.Supp.2d 1226, 1228 (D. Kan. 2002). For the purposes of the Motion, I will assume that it is dispositive and requires a recommendation.

[2] Default judgment was entered in favor of Plaintiff and against Omni on October 9, 2009. [#34]. Defendants John Barton and Kim D. Rust were voluntarily dismissed by Plaintiffs on November 19, 2009. [#46].

information. *Id.* at ¶ 30.

Plaintiffs allege that the Offering Memorandum provided that Plaintiffs would receive from Omni an assignment of working interests that would be evidence of their ownership. *Id.* at ¶ 32. According to Plaintiffs, they never received this proof of ownership because Omni did not own and never did own the Acleto Creek Field interests sold to the Plaintiffs. *Id.* at ¶¶ 32, 33. Plaintiffs allege that Defendants stated to them a number of other misrepresentations or failed to disclose material facts about the use of the proceeds from the offering of the unit, the production rates of the Acleto Creek Field, the anticipated production rates of the oil well, a public offering by Omni, and the anticipated rate of return on the investment. *Id.* at ¶¶ 37, 38, 43, 44, 56, 57, 70, 71.

Based on these alleged false statements, misrepresentations or omissions, Plaintiffs brings the following statutory claims: securities fraud, in violation of 15 U.S.C. § 78j and 17 C.F.R. § 240.10b-5 (claim 1); Defendants were controlling persons in the securities fraud, in violation of 15 U.S.C. § 78t (claim 2); securities fraud in violation of Colo. Rev. Stat. § 11-51-604(3) (claim 3) and; and controlling person liability pursuant to Colo. Rev. Stat. § 11-51-604(5) (claim 4). Plaintiffs also assert the following common law claims: breach of contract (claim 5); fraud (claim 6); and negligent misrepresentation (claim 7). Plaintiffs also seek the imposition of a constructive trust and equitable lien (claim 8); and an accounting of the funds involved in the allegedly fraudulent transactions (claim 9). *Id.* at ¶ 23-31. In addition to this relief, Plaintiffs seek damages equal to the purchase price of the units, punitive damages, and recession of the purchase of the units. *Id.* at 31-32.

**II.    Analysis**

Plaintiffs seek to add Texita Trust ("Texita") as a Defendant. Plaintiffs allege that

Gordon Johnson and Karen Little are Trustees for Texita. Plaintiffs assert that Texita should be added as a Defendant because Texita was a controlling shareholder of Omni. Plaintiffs seek to brings claims against Texita pursuant to the federal and state securities fraud statutes, 15 U.S.C. § 78t and Colo. Rev. Stat. § 11-51-604(5), based on controlling person liability. As noted above, Defendants have not filed oppositions to the Motion. Plaintiffs concede, however, that the deadline for joinder of parties and amendment of pleadings was September 14, 2009, and that the Motion is untimely. *See Scheduling Order* [# 19] at 13. Plaintiffs assert that there was "good cause" for the delay in filing the Motion.

     A.     Good Cause Under Fed. R. Civ. P. 16(b)

A Scheduling Order deadline "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). To demonstrate good cause under Rule 16, Plaintiffs must "show that [they] ha[ve] been diligent in attempting to meet the deadlines, which means [they] must provide an adequate explanation for any delay." *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994). In order to find good cause, the moving party must show that they could not have reasonably met the deadline. *Pumpco, Inc. v. Schenker Intl., Inc.,* 204 F.R.D. 667, 668 (D. Colo. 2001). "Properly construed, good cause means that the scheduling deadlines cannot be met despite a party's diligent efforts.... Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (citations and internal quotation marks omitted). Rule 16(b) focuses on the diligence of the party rather than on bad faith or prejudice. *Id.* (quoting *Colorado Visionary Acad. v. Medtronics*, 194 F.R.D. 684, 687 (D. Colo. 2000)).

Plaintiffs' motion was filed on March 4, 2010, almost six months after the deadline joinder of parties and amendment of pleadings**.** Plaintiffs claim that there is good cause

for the late filing. Plaintiffs assert that they only became aware of the extent of the relationship between Texita and Omni at the deposition of Defendant Kubicki on January 27, 2010. According to the Plaintiffs, Kubicki described a number of significant financial transactions between Texita and Omni involving stock shares and oil and gas interests. Texita allegedly owned 1.2 million shares of Omni stock. Plaintiffs assert that this information indicates that Texita controlled Omni. *Motion* [#56] at 3.

Despite Plaintiffs' claim that this information is new, they admit that they were aware that Texita was a controlling shareholder of Omni prior to the litigation in this case. *Id.* The information was included in the Offering Memorandum. However, Plaintiffs assert that additional facts discovered at the Kubicki deposition now support the joinder of Texita as a party and an amendment of the pleadings to include claims against Texita.

The fact that a party first learns through discovery of information which may lead to amendment of deadlines set forth in the Scheduling Order constitutes good cause for such amendment pursuant to Rule 16(b). *Pumpco*, 204 F.R.D. at 668-69. The Court has not been provided any evidence that refutes Plaintiffs' claim that they only became aware of the information at issue during the deposition in January 2010. I find that Plaintiffs have provided good cause for the delay in moving to amend the pleadings.

B. Amendment Pursuant to Fed. R. Civ. P. 15

Assuming Plaintiffs have demonstrated "good cause" for seeking modification of the Scheduling Order under Rule 16(b), they also must meet the standard for amendment under Fed. R. Civ. P. 15. *Texas Instruments, Inc. v. Biax Corp.*, No. 07-cv-02370-WDM-MEH, 2009 WL 31858155, at *2 (D. Colo. Sept. 28, 2009); *Colo. Visionary Acad.*, 194

5

F.R.D. at 687.[3] Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings. Leave to amend is discretionary with the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998). "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The nonmoving party has the burden of showing that the proposed amendment is sought in bad faith, causes undue delay, substantial prejudice, or that the amendment would be futile. *Corporate Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F.Supp. 2d 1056, 1061 (D. Colo. 2009).

Defendants have not responded to Plaintiffs' request to amend the Complaint and for the joinder of a party. Thus, Defendants have not cited any basis for denying the Motion.[4] There has not been a showing of undue delay, prejudice to Defendants, or that the amendment would be futile. Therefore, Plaintiffs should be permitted to amend the complaint to add Texita as a Defendant.

**III.    Conclusion**

---

[3] The Tenth Circuit has not yet decided whether a party seeking to amend pleadings after the Scheduling Order deadline must show "good cause" under Rule 16 in addition to the Rule 15(a) requirements. *See Strope v. Collins*, 315 Fed. Appx. 57, 62 n. 4 (10th Cir. 2009).

[4] The joinder of Texita as a Defendant is proper because the proposed claims brought against them are the same claims brought against the other Defendants, arise out of the same transactions and occurrences, and the questions of law and fact are the same. *See* Fed. R. Civ. P. 20(a).

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that Plaintiffs' Motion be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that the Clerk of the Court accept for filing Plaintiffs' Second Amended Complaint and Jury Demand [Docket No. 56-1].

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATE: April 27, 2010

BY THE COURT:

\_\_s/ Kristen L. Mix_____
United States Magistrate Judge