IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01226-WYD-KLM

RALPH RIGGS,
H. ALAN A DILL,
ROBERT A. DILL,
IRMA DILL,
HENRY E. CARTWRIGHT, and
TERRY A. CARTWRIGHT,

    Plaintiffs,

v.

GORDON H. JOHNSON,
RONALD B. KUBICKI,
JAMES R. RENFRO,
RENEE J. PALERMO,
MYRON J. PALERMO, and
TEXITA TRUST, Gordon Johnson and/or Karen Little, Trustees,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiffs' Motion for Sanctions** [Docket 86; Filed September 1, 2010] (the "Motion"). Defendant filed a Response in opposition to the Motion on September 13, 2010 [Docket No. 88], and Plaintiffs filed a Reply on September 27, 2010 [Docket No. 95]. Accordingly, the Motion is fully briefed and ripe for resolution.

The Motion concerns a dispute about the adequacy of Defendant Renee Palermo's ("Defendant") production of (1) all Omni Oil & Gas, Inc. stock certificates owned by Renee Palmero and (2) all documents evidencing transactions between the Three Sisters Trust and Omni Oil & Gas, Inc. On the parties' joint stipulation, Defendant was ordered to

provide this information by Court Order dated May 6, 2010 [Docket No. 63]. Plaintiffs acknowledge that Defendant produced discovery in response to the Court Order, but maintain that the production was incomplete. At the time of the Motion's filing, trial was approximately one month away and Plaintiffs sought sanctions prohibiting Defendant from testifying or introducing evidence related to stock transactions between Three Sisters Trust and Omni Oil & Gas, Inc. *See Motion* [#86] at 2. Plaintiffs also sought a ruling to the effect that it would be taken as an established fact that no transactions ever occurred between these two entities. *Id.* at 1-2.

Pursuant to D.C.COLO.LCivR 7.1A., Plaintiffs contend that their counsel sent a letter to defense counsel on August 19, 2010 indicating that without supplementation of Defendant's discovery responses, Plaintiffs would file a motion. *Motion* [#86] at 5 & Exh. 6. The letter also contained a specific demand to resolve the discovery dispute and sought compliance by August 26, 2010. *See id.* Defendant did not respond and Plaintiffs filed the Motion on September 1, 2010.

Defendant filed her Response on September 13, 2010 [Docket No. 88]. In relation to Plaintiffs' Rule 7.1A. certificate of conferral, Defendant contends that she never received Plaintiffs' letter prior to the Motion's filing. *Response* [#88] at 3. She also contends that shortly after August 19, 2010, an individual from Plaintiffs' counsel's office named "Ms. Austin" contacted defense counsel to inquire whether he had received the August 19, 2010 letter and counsel informed her that he had not received it. *Id.* Apparently, the letter had been sent via email and Ms. Austin told defense counsel that they "were having difficultly sending [email] messages . . . ." *Id.* According to Defendant, defense counsel never received the letter and had no advance warning that Plaintiffs were filing the Motion or any

2

opportunity to cure. *Id.* By implication, Defendant also contends that she had already agreed to produce the discovery at issue and would have done so without the Motion's filing. *See id.* at 3-4.

Shortly after filing her Response, Defendant supplemented her discovery responses to the satisfaction of Plaintiffs. *Reply* [#95] at 1. While Plaintiffs no longer seek the substantial sanctions addressed in their Motion, they ask the Court to order Defendant to pay the reasonable attorneys' fees incurred in their efforts to obtain the discovery via Motion. *Id.* at 2. The Court notes that Plaintiffs did not submit any documentation in support of their request for fees as required by D.C.COLO.LCivR 54.3B. The Court also notes that Plaintiffs did not address Defendant's contention about the August 19, 2010 letter. Most notably, Plaintiffs did not dispute that either their counsel or someone from counsel's office knew that Defendant had not received the letter prior to filing the Motion.

IT IS HEREBY **ORDERED** that to the extent that the Motion requests sanctions in addition to attorneys' fees, the Motion is **DENIED as moot**.[1]

IT IS FURTHER **ORDERED** that to the extent that the Motion requests the imposition of attorneys' fees, the Motion is **DENIED**.

Although an award of fees may be justified where a party produces discovery after the filing of a motion, see Fed. R. Civ. P. 37(a)(5)(A), the Court has discretion not to award fees where "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). It is apparent that defense counsel did not receive Plaintiffs' letter attempting to confer and that Plaintiff (or at a minimum, someone in Plaintiffs' counsel's office) knew

---

[1] The Court notes that the parties to this lawsuit have now settled all claims between them [Docket No. 113].

that Defendant had not received the letter prior to filing the Motion.[2] Although I do not doubt that Plaintiffs sent the letter, it is nearly impossible to go back in time and consider what Defendant would or would not have done had her counsel received the letter. Assuming she would have met Plaintiffs' demands to avoid unnecessary litigation on the eve of trial, the money spent in preparation of filing the Motion would have been avoided. In addition, given that the parties had conferred amicably in the past and that Defendant had willingly produced discovery up to that point, it is unclear why Plaintiffs' counsel did not attempt to contact defense counsel via some other means in addition to the letter prior to filing the Motion. Accordingly, I find that ordering Defendant to pay fees under these circumstances would be unjust.

Dated: October 22, 2010

BY THE COURT:

/s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix

---

[2] I am entitled to accept defense counsel's assertion, made as an officer of the Court, that he did not receive the August 19, 2010 letter and had informed Plaintiff's counsel's office of this fact. *See, e.g.*, *Irving v. Mississippi*, 441 U.S. 913, 915 (1979) ("Attorneys are officers of the court, and when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath." (citations omitted)).